**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| FATHERS AND DAUGHTERS NEVADA, LLC<br><br>　　　　Plaintiff,<br>v<br>JYOTSNA GOVANI, et al<br>　　　　Defendants | Case No.: 4:16-cv-10372-TGB-APP<br><br>Hon. Judge Terrence G. Berg<br><br>Magistrate Judge Anthony P. Patti |

## PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT BY DEFAULT AND PERMANENT INJUNCTION AGAINST MULTIPLE DEFENDANTS

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, and Local Rules 7.1 and 55 and 58, Plaintiff, Fathers and Daughters Nevada, LLC (hereafter "Fathers"), moves for entry of judgment by default against defendants Jyotsna Govani, Caroljoy Hartley, Annette Shaffer (hereafter "Defendants"), on the following grounds:

　　1.　Defendants are in default for failure to timely file an answer or other pleading in response to the amended complaint.

　　2.　Defendants are not infants, nor are they believed to be incompetent persons. Moreover, Defendants are not members of the United States Military. *See* Declaration of Barry C. Kane.

　　3.　Pursuant to 17 U.C.S. § 502, Plaintiff is entitled to a permanent injunction to prevent and restrain Defendants' infringement of Plaintiff's copyrighted motion picture entitled, "*Fathers and Daughters"* (the "Motion Picture").

　　4.　As alleged in the Amended Complaint, Defendants' infringement of Plaintiff's copyrighted Motion Picture was intentional and willful. Therefore, pursuant to 17 U.S.C.

§ 504(c), Plaintiff is entitled to an award of statutory damages in an amount not to exceed $150,000.00.

5. Plaintiff has incurred attorneys' fees in the amount of $4041.93 and costs totaling $$1,789.57 for a total of $5831.50 in this action. *See* Declaration of Barry C. Kane, attached hereto. Such fees and costs are recoverable pursuant to 17 U.S.C. § 505.

6. Accordingly, the Court should enter a final default judgment against Defendants on the Amended Complaint.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants in favor of Plaintiff as follows:

A. Permanently enjoin Defendants from directly or indirectly infringing Plaintiff's rights in the copyrighted Motion Picture, including without limitation using the Internet to reproduce or copy, distribute to the public or otherwise make a copy of Plaintiff's Motion Picture except pursuant to lawful license or with the express written authority of Plaintiff;

B. Order Defendants to destroy all copies of Plaintiff's Motion Picture Defendants may currently have in their possession, custody or control, either in digital form on optical or magnetic media including but not limited to DVD's, CD-Roms, computer hard drives, thumb drives, and portable devices such as tablets;

C. Award Plaintiff statutory damages in the amount not to exceed $150,000.00 pursuant to Title 17 U.S.C. § 504;

D. Award Plaintiff its costs and reasonable attorneys' fees pursuant to Title 17 U.S.C. § 505; and

E. Grant all such other and further relief as the Court deems just and proper given the willfulness of Defendants' actions.

Dated: August 18, 2016 /S/Barry C. Kane
Barry C. Kane (P45851)
KANE & CO., PLC
29 Pearl Street, N.W.
410 Federal Square Building
Grand Rapids, MI 49503
(616) 726-5905 (v)
bkane@kaneplc.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| FATHERS AND DAUGHTERS NEVADA, LLC<br><br>        Plaintiff,<br>v<br><br>JYOTSNA GOVANI, et al<br><br>        Defendants | Case No.: 4:16-cv-10372-TGB-APP<br><br>Hon. Judge Terrence G. Berg<br><br>Magistrate Judge Anthony P. Patti |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION**

Pursuant to Local Rules 7.1, 55 and 58, Plaintiff, Fathers and Daughters Nevada, LLC (hereafter "Fathers"), submits its Memorandum of Law in support of Plaintiff's Motion for Entry of Judgment by Default and Permanent Injunction Against Defendants Jyotsna Govani, Caroljoy Hartley, Annette Shaffer (hereafter "Defendants").

Each of the Defendants was served with a copy of the Summons, Amended Complaint and attachments (hereafter "Complaint") at their usual place of abode by Certified Mail – Return Receipt Requested in accordance with Michigan Rules of Court 2.104(c). *See* Dkt. 14. Defendants failed to respond to Plaintiff's allegations within the time specified by F.R.Civ.P. 12(a). Because Plaintiff has shown sufficient facts to establish Defendants' liability and a clerk's default was entered (Dkt. 22), the Court should now enter final default judgment against Defendants.

Defendants' actions have led to the infringement of the Plaintiff's copyrighted Motion Picture by thousands of other individuals. In view of those actions, the Court should enter a judgment upon each Defendant including a monetary award not to exceed

$150,000.00 in statutory damages plus attorneys' fees and costs in the amount of $5831.50.

PROCEDURAL HISTORY

Fathers are the owner of the copyrighted Motion Picture entitled, "*Fathers and Daughters.* See Amended Complaint Exhibit 2, Pg. 5 (Dkt.4-2). Plaintiff initially filed this action naming the defendants as John Does because at that time Defendants were only known by their Internet Protocol (IP) address. The Court granted Plaintiff's motion for early discovery. Subpoenas were served upon each of the Does Internet service providers, obtaining each Defendants name and current mailing address.

Plaintiff filed its Amended Complaint, naming each of the Defendants individually. Summonses were subsequently issued by the Court and were served along with copies of the Amended Complaint and Exhibits upon the Defendants, giving notice of the lawsuit and setting forth the deadline within which to answer or otherwise respond. *See* Declaration of Barry C. Kane. As of the date of this Motion, Defendants have not answered or otherwise responded to the complaints, nor have they agreed to a waiver of service of process.

Plaintiff has filed and obtained entry of default for each of the defendants. Because Defendants have not answered or responded via motion, Plaintiff respectfully submits this motion for default final judgment against Defendants is proper.

**DISCUSSION**

**Standards for Default Judgment**

Once a plaintiff obtains a Rule 55(a) clerk's entry of default, a plaintiff may then seek a default judgment pursuant to Rule 55(b). *Goulas v. Maxmo, Inc.*, Case No. 14-

10993 (E.D. Mich., 2014). If the plaintiff seeks a judgment for a sum certain, he may request a clerk's default judgment. Fed.R.Civ.P. 55(b)(1). For all other requests, a plaintiff must apply to a court under Rule 55(b)(2) for relief. To obtain a default judgment pursuant to Rule 55(b)(2), a plaintiff's motion and supporting affidavits must provide: 1) the nature of the claim; 2) that the return of service was filed with the Court and that service was properly made on the defendant; 3) contain a statement that the defendant is not an infant or incompetent person; or in the military service; 4) a date the Clerk entered a default because the defendant failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 55(a). The plaintiff must also provide a statement for a sum certain or information necessary to allow the computation of monetary damages. If an award of interest, costs, or attorney fees is sought, the legal authority and supporting documentation for interest, costs or attorney fees must also be provided. *Goulas v. Maxmo, Inc.,* pg. 5-6. *See also* Fed. R. Civ. P. 55(b); E.D. Mich. L. R. 55.2. "The effect of a default judgment is that the defendants admit the allegations of fact and the case is concluded on those facts by the judgment. Defendants are further barred from contesting on appeal the facts thus established. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)(*citing Nishimatsu Contru. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975)). "After a court determines that a default judgment should be entered, it will determine the amount and character of the recovery awarded." *Goulas citing, American Auto. Ass'n v. Dickerson*, ___ F.Supp.2d ___, 2014 WL 234362, at*2 (E.D.Mich. Jan. 22, 2014) (Borman, J.) (Citation omitted).

   A) **Plaintiff Has Established Defendants' Liability**

      **Defendants are Liable for Direct Copyright Infringement (Count 1)**

Plaintiff alleges and has established each Defendants' liability for direct copyright infringement. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991). Plaintiff has demonstrated and satisfied both of those elements.

Plaintiff's Amended Complaint alleges and demonstrates that Fathers is the owner and holder of the U.S. Copyright Registration PAu3-762-811 in and to the Motion Picture. *See* Amended Complaint, Exhibit 2, pg. 5 (Doc No. 4-2) and paras. 21-37 in Amended Complaint (Doc.4). The copyright resulted from an application for registration of the Motion Picture made before or within five (5) years after first publication of the work. Such a document shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate. Title 17 U.S.C. § 410(c)(1977). Plaintiff's copyright registration meets this requirement and establishes *prima facie* evidence of a valid copyright. Once Plaintiff produced the certificate of copyright, the burden shifted to Defendants to demonstrate why the claim of copyright is invalid. *Bateman v. Mnemonics, Inc.,* 79 F.3rd 1532, 1541 (11th Cir. 1996). Because Defendants failed to respond to Plaintiff's Amended Complaint, they failed to rebut the presumption of validity.

With respect to the second element, Plaintiff's Amended Complaint alleges Defendants willfully infringed upon Plaintiff's copyright by accessing and making a copy of the Motion Picture using variants of a file sharing software generally referred to as a BitTorrent. Plaintiff's witness, David Macek, provided affidavit testimony that he collected evidence of such access to Plaintiff's Motion Picture through the capturing of

files transferred over the Internet and associated with each Defendants' IP Address. Mr. Macek's Affidavit (Doc. No. 2-1) provides a detailed explanation of how each Defendants' IP Address was identified and associated with the electronic copying and distribution of the Motion Picture. Such testimony was relied upon by the Court in granting Plaintiff's motion for early discovery. *See* Doc. No. 6. Thus Plaintiff has demonstrated that each of the Defendants had access to and copied constituent elements of the work that are original.

Because Defendants are in default, the Court is required to accept these well-pleaded allegations as true. *Nishimatsu*, 515 F.2d at 1206; *see also Buchanan,* 820 F.2d at 361. Based upon Plaintiff's allegations, both elements for copyright infringement have been established. Plaintiff therefore has established Defendants' liability for direct and willful copyright infringement.

### Defendants are Liable for Contributory Copyright Infringement (Count II)

Plaintiff's Amended Complaint also asserts each of the Defendants is liable for contributory infringement. The Supreme Court recognized contributory copyright infringement in those instances where one, "with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 125 S.Ct. 2764, 162 L.Ed.2d 781, 545 U.S. 913, 914 (2005)(*citing Sony Corp. of America v. Universal City Studios, Inc., 464 U. S. 417).*

Plaintiff has alleged that Defendants' "use of a Torrent network or other online media distribution system to reproduce and distribute the Motion Picture, including by making available for distribution to others, all or portions of the copyrighted Motion

Picture as determined by the Torrent client, each Defendant" had knowledge of the infringing activity and induced, caused, or materially contributed to the infringing conduct of another.  Moreover, it was alleged each Defendant had either actual or constructive knowledge that the reproduction and distribution of the Motion Picture on a Torrent network or other online media distribution system was in violation of the law by participating in the BitTorrent swarm with other persons.  As a result each Defendant induced, caused, or materially contributed to the infringement of Plaintiff's copyright and exclusive rights under copyright by other swarm members" (Amended Complaint, para. 50-53).

Plaintiff unrebutted allegations establish Defendant's participation in the infringing activities of others is substantial and each contributed to the infringing activity of thousands of other peers over the Internet across the world.  Plaintiff also has established Defendant had knowledge of the infringing activities, materially contributed to the infringement conduct of others and has established Defendant's liability for contributory infringement.

### Plaintiff is Entitled to Recover Damages as a Result of Defendant's Actions

The Copyright Act permits copyright owners to obtain damages for the infringement of their copyrighted work. 17 U.S.C. § 504.  Statutory damages apply to both claims of copyright infringement and contributory infringement.  *See Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F. 2d 829, 850 (11th Cir. 1990).  The copyright holder may seek "a sum of not more than $150,000.00" if the "infringement was committed willfully." 17 U.S.C. § 504 (c)(2).  Plaintiff is seeking actual or statutory damages in its Amended Complaint. Amended Complaint, p. 8, para. D

In the instant case, the infringement has been committed willfully. Defendants were aware or should have been aware of the illegality of the infringement by obtaining and distributing copies of the film through Torrent file sharing networks. *See* Amended Complaint, para. 26 ("Defendant, without the permission or consent of Plaintiff, has used, and continues to use, a torrent network and or other online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the copyrighted Motion Picture"). Therefore, the Court is free to impose the full limit of liability against the defendants.

**Plaintiff is Entitled to Recover Attorneys' Fees and Costs as a Result of Defendant's Actions**

The Copyright Act permits the Court to award "full costs" and "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Awarding attorneys' fees addresses a goal of the Copyright Act - to discourage infringement - because it enables rights holders to vindicate or defend their rights. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526-27 (1994). Plaintiff seeks attorneys' fees and costs in its Amended Complaint. Amended Complaint, p. 9, para. F.

When awarding attorneys' fees under the Copyright Act, the Court must initially decide whether awarding attorneys' fees are appropriate, considering such things as the motivation, objective reasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty*, 510 U.S. at 535.

Here, Defendants' actions demonstrate a blatant disregard for Plaintiff's rights by first committing the infringement, disregarding notices appearing at the beginning of the Motion Picture alerting each Defendant to the existence of copyrights and that

duplication may constitute a violation, and then failing to respond to Plaintiff's allegation of infringement. Additionally, Plaintiff has expended considerable amounts of time and money to create its copyrighted Motion Picture, and now, to protect it. Plaintiff has been severely and negatively impacted by the activities of the Defendants and their facilitation of its distribution to others free of charge. Therefore, awarding Plaintiff attorneys' fees and costs is appropriate under the Copyright Act.

As a result of Plaintiff's prosecution of this case against the Defendants, Plaintiff has incurred attorneys' fees and costs for which it requests their inclusion in the default judgment. *See* Declaration of Barry C. Kane. Specifically, Plaintiff requests $5831.50 in combined attorneys' fee and costs.

### Plaintiff is Entitled to Entry of a Permanent Injunction Against Defendant

The Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Plaintiff bears the burden of demonstrating entitlement to preliminary injunctive relief and the burden is substantial. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Such relief will only be granted where "the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002). When considering a motion for injunctive relief, the Court must balance the following factors: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent preliminary injunctive relief, (3) whether granting the preliminary injunctive relief would cause substantial harm to others, and (4) whether the public interest would be served by granting the preliminary injunctive relief. *Mersino Mgmt. Co.*

*v. Sebelius*, Case No. 13-cv-11296 (E.D. Mich., 2013). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d. 573. "The proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary,* 228 F.3d at 739. "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Medical Examiners,* 225 F.3d 620, 625 (6th Cir. 2000).

The allegations of the Amended Complaint establish each of the necessary elements for entry of a permanent injunction against each of the Defendants. The Defendants' use of BitTorrent software to obtain an unlawful copy of the Motion Picture has allowed countless other BitTorrent users to be able to unlawfully obtain the Motion Picture, or portions thereof, from the Defendants' computers "without degradation in sound or picture quality." Such widespread and uncontrolled infringement is, by its very nature, irreparable.

Plaintiff also lacks an adequate remedy at law. Because of the nature of BitTorrent software, Plaintiff is unable to ascertain the complete harmful effect of Defendant's infringement, making other remedies at law, such as monetary damages, inadequate to compensate Plaintiff for injuries it has sustained and may sustain in the future due to Defendant's infringement.

The balance of the hardships and public interest also favor entry of a permanent injunction. Plaintiff will certainly continue to suffer damages, such as lost revenue, if Defendant is not permanently enjoined as requested by Plaintiff. Defendants, on the

other hand, have not shown that they will suffer any hardship if permanently enjoined. Therefore, the balance of hardships factor weighs in favor of Plaintiff.

Lastly but no less important is that the public interest is advanced by the enforcement of federally protected copyrights and the prevention of unlawful copying of protected works such as Plaintiff's Motion Picture.

**CONCLUSION**

Plaintiff has demonstrated they are entitled to default judgment as a matter of law against each of the named Defendants. Plaintiff has demonstrated a legal basis for a claim, a violation of that legal claim, and injury. Plaintiff has also demonstrated by a preponderance of the evidence there is a legal basis for damages as well as injunctive relief.

In light of the preponderance of evidence presented, Plaintiff respectfully requests the Court to Grant the Motion and Order a Final Judgment against Defendants. Plaintiff also respectfully submits they have demonstrated they are entitled to permanent injunction against those Defendants as well as grant all such other and further relief as the Court deems just and proper given the willfulness of Defendants' actions.

Dated: August 18, 2016  /S/Barry C. Kane
Barry C. Kane (P45851)
KANE & CO., PLC
29 Pearl Street, N.W., Suite 410
Grand Rapids, MI 49503
(616) 726-5905 (v)
bkane@kaneplc.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| FATHERS AND DAUGHTERS NEVADA, LLC<br><br>　　　　Plaintiff,<br>v<br><br>JYOTSNA GOVANI, et al<br><br>　　　　Defendants | Case No.: 4:16-cv-10372-TGB-APP<br><br>Hon. Judge Terrence G. Berg<br><br>Magistrate Judge Anthony P. Patti |

## DECLARATION OF BARRY C. KANE

My name is Barry C. Kane, and state the following is true or believed to be true:

I am over the age of eighteen years and competent to testify as to the truth of the following statements;

I am an attorney licensed to practice law in the States of Michigan and New Mexico. I am admitted to practice before the United States District Courts of those states as well the United States Court of Appeals for the 5th, 6th and 9th Circuits, the United States Court of Appeals for the Federal Circuit, and the Supreme Court of the United States.

On or about February 2, 2016 I received evidence from my client in the form of data and statements, indicating multiple Internet Protocol (IP) addresses have been identified as making the motion picture entitled, "Fathers and Daughters" available to others for upload using a file sharing software known generally as a BitTorrent in violation of the Copyright Act.

A review of the raw evidence indicated that literally thousands of individuals have uploaded and redistributed the motion picture to others via such BitTorrent software.

Based upon my review of that data, and upon further investigation, I identified IP addresses of infringers that appeared to reside within this judicial district.

I subsequently prepared and filed a complaint naming the defendants as Does, alleging direct and contributory copyright infringement.

I sought and obtained consent of the Court to conduct early discovery of the Internet service providers, requesting identification of the subscriber information including service addresses.

Once the subscriber information was in hand, we conducted a search to determine the information about the subscriber.

To the best of my knowledge, each defendant is competent, of majority age, and at the time of the filing of the complaint was not deployed overseas with the military.

Having that information in my possession, I amended the complaint naming the defendants by name and obtained summonses from the Court for those individuals.

My assistant and I served a copy of the Summons and amended Complaint, including Exhibits 1 and 2, upon each of the named defendants by first class U.S. Mail, certified mail, return receipt requested.

Over the course of time, my office received from the U.S. Post Office the return receipts signed by persons at each of the Defendants' place of abode, the dates on the receipts indicating the date the summons and complaint were hand delivered by the U.S. Postal Service.

In all cases, the time for answering or otherwise responding, calculated from the date of receipt of the summons and complaint, has expired.

Declaration of Barry C. Kane<br>
4:16-cv-10372-TGB-APP<br>
Page **3** of **3**

To the best of my knowledge there is no record of an answer or motion filed by the named defendants in response to the complaint.

Together my assistant and I have been actively involved in the prosecution of the captioned case against the named defendants.

Since the inception of the case, and as of the date of this Affidavit, my office has incurred attorneys' fees in the amount $4041.93 and costs totaling $1,789.57 for a total of $5831.50 in connection with this specific case, not including the time associated with the preparation and filing of the motion seeking default judgment and supporting documents.

Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statement are true and correct based upon my own personal knowledge and those matters I believe to be true. If called upon to testify, I can and will competently testify as set forth above.

Dated: August 18, 2016                    /S/Barry C. Kane
                                          Barry C. Kane (P45851)
                                          KANE & CO., PLC
                                          29 Pearl Street, N.W.
                                          410 Federal Square Building
                                          Grand Rapids, MI 49503
                                          (616) 726-5905 (v)
                                          bkane@kaneplc.com